## JULIA TRUDEAU ET AL. *v.* THE TOWN OF SHELDON.

*Re-survey of highway under R. L. s. 2920. Parties.*
*Former survey.*

1. To a proceeding under R. L. s. 2920, for the re-survey and establishment of the boundaries of a highway, any person, owning lands through which such highway runs, is a proper party.
2. No such proceeding can be maintained unless it appears that the highway in question has been previously laid out and surveyed.

This was an appeal to the County Court from the action of the selectmen of the town of Sheldon in re-surveying a highway under R. L. s. 2920. Commissioners were appointed in the County Court, and the case was heard on their report at the September Term, 1889, TYLER, J., presiding. The report of the commissioners was accepted and judgment was given thereon that the road was re-surveyed and established, according to John Webster's plan and survey of August 28, 1889. Exceptions by Draper & Bush.

The highway in controversy was the street running westerly through Sheldon village from the end of the bridge across Black Creek.

The commissioners reported that the bridge had been erected and in use since 1801, and that for more than seventy years a highway had been in use, running in the same general direction as the present one, but that there was no record of any laying out or survey of the same. The petitioners and the town of Sheldon claimed that it was a part of the county road laid out by a committee about 1803 under an act of the Legislature of 1802, but with reference to this claim the commissioners said: "We find from all the evidence in the case, that said highway was not surveyed or laid out by such committee, and are unable to find that said highway has ever been surveyed."

The commissioners further found that for the past fifty years. the southern boundary of said street had been well defined by monuments along its entire length to the bridge; that going easterly towards the bridge the northern boundary had been for many years well defined up to a point near the store of one Durkee, and that the distance between the said bounds westerly from Durkee's store was sixty-one feet. From Durkee's store to the end of the bridge there had been no well defined boundary, the land adjoining the highway at that point having been part of a mill-yard, and used as such to a line about fifty feet distant from the south bound of the highway. In 1883 Draper & Bush had erected a store on this land, of which the south end was but fifty feet from the south line of the street; and the controversy was whether the highway should be laid of the same width between Durkee's store and the bridge that it was west of Durkee's store, in which event about eleven feet of the store of Draper & Bush would be in the highway, or whether it should be gradually narrowed after leaving the Durkee store until at a. point opposite the store of Draper & Bush it was only fifty feet wide. The commissioners reported that if they had the legal right to lay out, or alter and survey the highway as in accordance with their judgment the public good, and the necessity and convenience of individuals required, they would establish it according to the last alternative, as appeared by Webster's survey of January 17, 1889; if they had not such right, and there arose a presumption of an original survey of a highway sixty-one feet wide and a record made which had been lost, then they found such to be its metes and bounds as appeared by Webster's. survey dated August 28, 1889.

Draper & Bush entered by attorney on the docket, and appeared both by attorney and in person before the commissioners.

R. L. s. 2920 is as follows:

"If the survey of a highway has not been properly recorded, or the record preserved, or if its terminations and boundaries cannot be ascertained, the selectmen may re-survey the same, and make a record thereof in the town clerk's office; but fences or

Trudeau et al. v. Town of Sheldon.

buildings erected or continued thereon for more than fifteen years shall not be removed or the lands enclosed taken for the highway, without compensation as in other cases of altering highways."

No. 15, Acts of 1886, provides:

" A petition to the County Court from the findings and award of the selectmen, acting under section two thousand nine hundred and twenty of the Revised Laws, shall be allowed to any person owning or interested in lands through which said highway is re-surveyed, and the same proceedings shall be had as is provided in chapter one hundred and forty of the Revised Laws, in case of laying out or altering any highway."

*Ballard & Burleson*, for Draper & Bush.

Draper & Bush, being parties in interest, had the right to be heard in the County Court, and take exceptions to this court. *Gray* v. *Middletown and Poultney*, 56 Vt. 53; *Sharon* v. *Strafford*, 56 Vt. 421; *French et al.* v. *Barre*, 58 Vt. 567.

The court had no right to establish the highway, the commissioners having found that neither the public good, nor the convenience nor the necessity of individuals required it. *Woodstock* v. *Gallup*, 28 Vt. 590; *Shattuck* v. *Waterville and Bakersfield*, 27 Vt. 600.

It is further insisted that the commissioners had the authority to lay out or alter this highway according to their judgment, and that the highway ought to have been established according to their recommendation. *Closson* v. *Hamblets*, 27 Vt. 728; R. L. s. 2920.

*J. A. Fitch and J. I. Gleed*, for the petitioners.

The County Court has not professed to lay out a highway, but simply to ascertain for record the survey of one already existing. No exceptions lie in such case. 24 Wend. 493; 2 John. 424.

*Wilson & Hall*, for the defendant.

If any exception lies to the Supreme Court in this case, and we insist there does not, Draper & Bush are not parties entitled thereto. They had acquired no right which entitled them to any notice or consideration in this proceeding. *Hogaboon* v. *Highgate*, 55 Vt. 412.

Trudeau et al. *v.* Town of Sheldon.

Under R. L. s. 2920 it was not the duty of the commissioners to alter the old highway or lay out a new one, but to ascertain and establish the boundaries of the old one, even though it had never been surveyed. This was what the judgment of the County Court did; and judgment cannot be reversed unless some substantial injustice has been done the excepting party. *Paine* v. *Lester*, 22 Vt. 44; *Londonderry* v. *Peru*, 45 Vt. 424; *Gray* v. *Middletown*, 56 Vt. 53; *French* v. *Barre*, 58 Vt. 567.

The opinion of the court was delivered by

ROYCE, Ch. J. The petition addressed to the selectmen was to make or cause to be made a re-survey of the highway leading from the west end of the bridge across Black Creek in the village of Sheldon, westerly to the highway leading from Fairfield to Highgate. The selectmen proceeded to re-survey the highway described in said petition, and from the survey made by them an appeal was taken to the County Court, commissioners were appointed, and the report made by them is now before us for consideration.

The proceeding was instituted under R. L. s. 2920, which provides that where the survey of a highway has not been properly recorded, or the record preserved, or if its terminations or boundaries cannot be ascertained, the selectmen may re-survey the same and make a record thereof in the town clerk's office.

It appears from the report of the commissioners and the plan of August 28 therein referred to, that the north line of the highway established by the County Court under the report passed through a store owned by Draper & Bush, cutting off eleven feet of the front end of the same. Draper & Bush claimed the right to appear before the commissioners and be heard upon the question of the location of said line; and they were allowed, against the objection and exception of the petitioners, to appear by counsel upon the hearing before the commissioners, and in the County Court, and they were allowed exceptions to the judgment rendered. The defendant has in this court moved to dismiss the exceptions upon the ground that Draper & Bush are not parties to the cause and that there is no legal ground on which they can be made parties.

Trudeau et al. *v.* Town of Sheldon.

By No. 15 of the acts of 1886 the right to petition the County Court from the findings and award of selectmen acting under R. L. s. 2920 was allowed to any person owning or interested in lands through which said highway is re-surveyed; and the same proceedings are to be had as is provided in chap. 140 of the R. L. in case of laying out or altering any highway. The right of any person who is interested in land over which a highway is laid out or altered to appear before selectmen or commissioners, is fully secured by chap. 140 of the R. L. Draper & Bush had such an interest in the subject matter as gave them a right to appear, and their exceptions were properly allowed by the County Court.

The right given to selectmen by sec. 2920, R. L., to re-survey a highway is only given in cases where the survey of a highway has not been properly recorded or the record preserved; so the fact that a survey has been made must appear, to give the selectmen jurisdiction to make a re-survey. The commissioners have reported that said highway was not surveyed or laid out by the committee appointed in 1802 to lay out and survey a county road from the court house in St. Albans to the center of Richford, and that they are unable to find that said highway has ever been surveyed.

The word "re-survey" is defined to be "to survey again;" so that there must have been a previous survey to warrant what is defined as a re-survey; and there having been none made, the selectmen and commissioners had no power to make one. It is a matter controlled by statute law and the statute is clear and unambiguous. If the court had any discretion in the matter, we should not exercise it in the establishment of the line claimed, when it is manifest that it would work such injury to Draper & Bush; and the selectmen and commissioners have, by their action, decided that neither the public good or necessities of individuals requires it.

*The judgment of the County Court is reversed, and petition dismissed.*