GEORGE J. REYNOLDS ET AL. *v.* THE VILLAGE OF BARRE.

*Highway. Commissioners. Land owner may object to acceptance of report.*

When commissioners appointed by the County Court to inquire into the necessity of a proposed public highway, have filed their report laying the highway, any land owner through whose lands it has been laid, may appear and object to the acceptance of the report and the establishment of the highway.

Report of commissioners establishing a highway in the village of Barre. Heard at the March term, 1891, Munson, J., presiding. The report was filed less than fifteen days before the beginning of the term. Michael Tierney, an inhabitant of the village and town of Barre, and a land owner through whose land the proposed highway ran, appeared, objected to the acceptance of the report, and asked that the cause be continued under the statute, for that the report was not filed more than fifteen days before the session of court.

The court, *pro forma*, denied the motion, accepted the report and established the highway; to all of which the said Tierney excepted.

*S. C. Shurtleff*, for Tierney.

*Barney & Hoar*, for the petitioners.

The opinion of the court was delivered by

TYLER, J. The only question that arises upon this bill of exceptions is in relation to the right of Michael Tierney to appear and object to the acceptance of the commissioners' report and be heard upon his motion for a continuance of the cause.

It is conceded by petitioner's counsel that the motion should be sustained if Tierney had a right to make it, because the report was not filed fifteen days before the term to which it was returned, as the statute requires. Tierney's counsel insists that though he was not a party of record he had a right to appear for the reason that he was an inhabitant of the village and town of Barre and the proposed highway extended through land owned by him.

Sec. 2948, R. L., relative to the duties of commissioners, is as follows: "When they have completed their inquiries, they shall make their report, stating their proceedings and their decision, with their survey and appraisal of damages, if any; and such report shall be returned and filed in the office of the clerk of the court, at least fifteen days before the session of such court; if not, the party objecting to the report shall, on motion, be entitled to a continuance to the succeeding term."

Sec. 2950 provides that the town by its selectmen, or other agent, or any inhabitant interested may appear and resist the acceptance of the report by showing any facts relevant to the question.

Was Tierney a party within the meaning of section 2948, or does section 2950 mean, as contended by the petitioner's counsel, that interested inhabitants can only appear in the name of the town and in its behalf?

A proceeding for the establishment of a highway is a proceeding against the owners of the lands through which the highway is proposed to be laid as well as against the town. We have no doubt that it was the intention of the Legislature to confer upon such land owners, equally with the town itself, the right to appear in the hearings before the selectmen and commissioners, and in the County and Supreme Court upon any questions that might arise upon the report.

The right of land owners to appear and take exceptions to the judgment on the report of commissioners and to have their

Reynolds et al *v.* Barre.

exceptions heard in this court was fully recognized in *Trudeau et al.* v. *Sheldon,* 62 Vt. 198. Upon the authority of that case and by the provisions of the statute we hold that Tierney was entitled to appear and be heard upon his motion.

*The orders of the County Court are vacated and the cause remanded.*