# J. DANA CULVER v. TOWN OF FAIR HAVEN.

## OCTOBER TERM, 1894.

*Resurvey of highway under R. L., s. 2920.   Recommitment of report of commissioners.*

1. Under R. L., s. 2920, the selectmen may resurvey a highway whose boundaries and termini cannot be determined, provided the fact of the original survey be established.   *Trudeau* v. *Sheldon*, 62 Vt. 198, explained.

2. Commissioners appointed by the county court upon an appeal from the action of the selectmen, if they find that the original boundaries cannot be determined, should then proceed · with the other questions in the case, and having failed to do so, their report will be recommitted.

This was a petition to the county court for the appointment of commissioners to review the action of the selectmen of the town of Fair Haven in resurveying a highway under R. L., s. 2920.   Heard at the March term, 1894, Rutland county, MUNSON, J., presiding, upon the report of commissioners ' and exceptions of the petitioner thereto.   The court sustained the exceptions and dismissed the petition. Both parties except.

The petition alleged that two of the selectmen of the town of Fair Haven, professing to act under R. L., s. 2920, but wholly without application therefor, and without the existence of any facts which would give them jurisdiction so to act, made a pretended resurvey of the east line of Main street in the village of Fair Haven, and thereby so altered

the line of the original highway as to include within its limits certain land of the petitioner; that the said selectmen awarded the petitioner no damages therefor; that there was no original survey of such highway which had been preserved, and no terminations or boundaries which could now be ascertained.

The commissioners reported that said highway was originally surveyed April 10, 1788, and was, at the point in question, laid out six rods wide. That according to the original description the survey began at the bridge on the west side and the north end thereof; that the bridge at the starting point of the survey had been changed, and that at the time of the action of the selectmen the location of said bridge and the location of the eastern line of the highway in question could not be ascertained; nor could it be ascertained by the commissioners and located with any degree of certainty.

The commissioners did not attempt to resurvey the said easterly line, nor to make any award to the petitioner in the matter of damages.

*Joel C. Baker* for the petitioner.

Since it was impossible to determine the location of the highway according to the original survey, the selectmen had no jurisdiction in the premises. *Trudeau* v. *Sheldon*, 62 Vt. 198.

*William H. Preston* for the defendant.

TAFT, J. The selectmen of Fair Haven resurveyed a highway under the provisions of s. 2920, R. L., which reads as follows :

"If the survey of a highway has not been properly recorded, or the record preserved, or if its terminations and boundaries cannot be ascertained, the selectmen may resur-

vey the same, and make a record thereof in the town clerk's office ; but fences or buildings erected or continued thereon for more than fifteen years shall not be removed, or the lands enclosed taken for the highway, without compensation as in other cases of altering highways."

The petitioner, under No. 15, Acts 1886, took an appeal to the county court, alleging that he was the owner of land included in the resurvey ; that it had been enclosed for more than fifteen years, and that no damages had been allowed him for the land so taken ; and further alleging that the public good, or the convenience of individuals, did not require a resurvey of said highway. Commissioners were appointed by the county court, who reported that the highway was originally surveyed and laid out April 10, 1788, including in their report an accurate description of the survey, with its termini and courses. The commissioners further reported that the boundary of the highway at one terminus could not be ascertained, nor can it now be ascertained and located with any degree of certainty ; that the resurvey of the east line of the highway was not, nor was it intended by the selectmen to be, a reproduction of the old or original survey of the highway at that point. This in substance is all that the commissioners report in relation to the case before them. There are no findings upon the various questions presented by the petition—whether the petitioner was the owner of land included in the resurvey, whether such land, if any, had been enclosed for more than fifteen years, whether the petitioner had sustained damages, and if so, how much, etc. It is not stated in the report why the commissioners did not report fully upon the case before them, but we infer that it was for the reason that having found the lines of the original survey could not be reproduced, nor ascertained and located as they were when first surveyed in 1788, they were of the opinion that the selectmen had no jurisdiction nor legal authority to make a resurvey. This is the view taken by the petitioner's counsel, who argues that for that reason the

selectmen had no jurisdiction; that the whole proceedings are void, citing *Trudeau* v. *Sheldon*, 62 Vt. 198. That case simply holds that "the fact that a survey has been made must appear to give the selectmen jurisdiction to make a resurvey." There are three instances in which a resurvey of a highway can be made—if the survey has not been properly recorded, if the record has not been preserved, if its terminations and boundaries cannot be ascertained. It is evident from the report that the survey was recorded and the record preserved, so that in neither of these respects could a resurvey be made; but the commissioners report that at the time of the action of the selectmen the boundary of the highway at the point of beginning could not be ascertained, neither could it at the time of the hearing before them. Thus the commissioners found the very fact that gave the selectmen jurisdiction to make a resurvey of the highway, viz., that "its terminations and boundaries cannot be ascertained." To say that the word resurvey as used in the statute means nothing more than to locate the lines of the boundaries in their original location is to give the word too narrow a construction. If the terminations and boundaries can be ascertained according to the original survey, there is no need of a resurvey. Under this section of the statute to resurvey a highway means to re-locate it, and the lines may be where originally located and may be elsewhere. Whether the lines by the resurvey are where the lines of the original survey were, can in no case be known, for the location of the latter cannot be ascertained. When the fact that the terminations and boundaries of the highway could not be ascertained, was found by the commissioners, it was their duty to investigate the various questions presented by the petition and evidence and report the facts found by them; such facts as whether the petitioner's land was taken by the resurvey, whether, if any, it had been enclosed for more than fifteen years, the damages sustained by the petitioner, if any, etc. That the

commissioners may investigate and report such facts it is necessary that the report be recommitted to them, and for that purpose the

*Judgment is reversed and cause remanded.*